Reed, J.,
delivered the opinion of the court.
But one error will be discussed or regarded in the disposition of this case. . .
On September 3d, 1892, the case was tried to a jury, who were allowed to retire and bring in a sealed verdict. The 3d of September was the last day of the April term of court. On that day the following order was made, entered upon the records of the court and signed by the judge:
“And thereupon court adjourned in course, and all business not otherwise disposed of, is continued to the next term of this court.”
On September 6th of the ensuing September term, the parties who had composed the former juiy, to whom the case had been submitted, came into court and returned the supposed verdict upon which the judgment was entered.
Sec. 194 of the civil code provides : “ The court may direct the jury to bring in a sealed verdict at the opening of the court, in case of an agreement during a recess or adjournment for the day. A final adjournment of the court for the term shall discharge the jury.'’’
Although a jury may make and seal a verdict during recess or intermission, it does not become a verdict until delivered by tbe jury and accepted by the court. The legal existence and integrity of the jury must be retained and it must be a valid, existing and legal jury at the time of the rendition of the verdict.
With the close of the term on September 3d the jury were discharged by operation of law; subsequent to that time it was not a jury and could neither make nor return a verdict.' Hence it was a mistrial; no verdict was returned upon which a judgment could be based.
The judgment will be reversed and the cause remanded.

Reversed.